**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:26-cv-25201-BB**

CHELSEA SLACK,

**Plaintiff,**

v.

**JURY TRIAL DEMANDED**

MIDLAND CREDIT MANAGEMENT INC,

**Defendant.**

_______________________________________/

**AMENDED COMPLAINT**

Plaintiff Chelsea Slack ("Plaintiff") sues Midland Credit Management Inc ("Midland Credit") for violations the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over Plaintiff and Midland Credit (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Midland Credit because Midland Credit is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Midland Credit occurred within Miami-Dade County, Florida.

3. The amount in controversy is greater than $15,000 but not to exceed $50,000.00 exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Miami-Dade County, Florida.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

6. Midland Credit is a Kansas Corporation, with its principal place of business located in San Diego, California.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8. On a date better known by Midland Credit, Midland Credit began attempting to collect a debt (the "Account") from Plaintiff.

9. The Account is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Account, Comenity Capital Bank, and Plaintiff. In particular, the Account relates to a personal line of credit (the "Subject Service").

10. The Subject Service was primarily for personal, family, or household purposes.

11. Midland Credit is a business entity engaged in the business of soliciting consumer debts for collection.

12. Midland Credit is a business entity engaged in the business of collecting consumer debts.

13. Midland Credit regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Midland Credit is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15. Midland Credit's "Consumer Collection Agency" license number is CCA0900916.

16. Midland Credit maintains, and keeps current within seven days, all the information and documentation required by Florida Administrate Code Rule 69V-180.080 with respect to the accounts placed with it for collection involving Plaintiff.

17. Midland Credit maintains, and keeps current within seven days, Plaintiff's name and address. Fla. Admin. Code R. 69V-180.080(3)(a).

18. Midland Credit maintains, and keeps current within seven days, the date any account relating to Plaintiff was placed with Midland Credit for collection. Fla. Admin. Code R. 69V-180.080(3)(b).

19. Midland Credit maintains, and keeps current within seven days, the original account number associated with each account placed with Midland Credit for collection that involves Plaintiff. Fla. Admin. Code R. 69V-180.080(3)(b).

20. Midland Credit maintains, and keeps current within seven days, the actual amount of the Account submitted to Midland Credit for collection by the creditor. Fla. Admin. Code R. 69V-180.080(3)(c).

21. Midland Credit maintains, and keeps current within seven days, all payments made by Plaintiff for each account placed with Midland Credit for collection, the date of each payment, the amount of each payment, and any remaining balance after each payment. Fla. Admin. Code R. 69V-180.080(3)(e).

22. Midland Credit maintains, and keeps current within seven days, all documentation provided by the original creditor that relate to Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(a).

23. Midland Credit maintains, and keeps current within seven days, the date Plaintiff incurred the underlying debt and the date of the last payment made by Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(b).

24. Midland Credit maintains, and keeps current within seven days, the identity of the original creditor of the debt placed with Midland Credit for collection as known by Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(c).

25. Midland Credit maintains, and keeps current within seven days, the amount of each debt involving Plaintiff at the time of charge off. Fla. Admin. Code R. 69V-180.080(9)(d).

26. Midland Credit maintains, and keeps current within seven days, copies of all letters, emails, and correspondence, whether written or electronic, sent to Plaintiff that relate to the account placed with Midland Credit for collection. Fla. Admin. Code R. 69V-180.080(10).

27. Further, Midland Credit has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

28. Midland Credit is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

29. Midland Credit is a "person" within the meaning of Fla. Stat. § 559.72.

30. Midland Credit reported the Account to Experian Information Solutions Inc, Equifax Information Services LLC, and Trans Union LLC (the "CRAs") in an attempt to collect a debt.

31. Midland Credit reported the Account the CRAs in connection with the collection of a debt.

32. On or about October-2025, Plaintiff obtained copies of Plaintiff's credit reports from the CRAs to review for accuracy in preparation of seeking lines of credit, as well as other services that consider Plaintiff's creditworthiness, such as employment and insurance.

33. Upon reviewing Plaintiff's credit reports, Plaintiff learned that Midland Credit was reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Account.

34. Midland Credit's reporting of the Account lacked essential identifying and contextual information, including the original date the account was opened, the date it was closed, the account number, payment history, and other details necessary for Plaintiff to identify or verify the debt.

35. The incomplete reporting of the Account materially hindered Plaintiff's ability to determine whether the debt was valid, collectible, time-barred, or otherwise enforceable.

36. The incomplete reporting of the Account prevented Plaintiff from demonstrating positive account history, such as payment history and dates of activity, that would have improved Plaintiff's creditworthiness if reported.

37. The incomplete reporting of the Account caused Plaintiff to be evaluated less favorably by prospective creditors and materially diminished her creditworthiness.

38. Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency, of which negatively reflects on a consumer's credit worthiness by impacting the credit score negatively.

39. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

40. Midland Credit reported false, misleading, incomplete, and inaccurate information regarding the Account and Plaintiff to the CRAs (the "Volitive Information").

41. The Volitive Information includes, but is not limited to, the failure to report the payment history associated with the Account, the true date the Account was actually opened, the date Plaintiff first became delinquent, the true status of the Account, and true amount of the underlying debt.

42. The Account, as reported by Midland Credit, is inaccurate and incomplete.

43. The Volitive Information is false, misleading, incomplete, and otherwise inaccurate because the history of payments made towards the Account are completely omitted, the dates reported are more recent than accurate, the amount reported exceeds any amount owed by Plaintiff, if anything, and the identity of the original creditor is omitted.

44. Midland Credit knew the Volitive Information was false, misleading, incomplete and otherwise inaccurate because Midland Credit maintains, and keeps current within seven days, records reflecting the true and correct information as required by Florida Administrate Code Rule 69V-180.080.

45. Midland Credit recklessly, and with complete disregard as to the consequences of its misconduct, reported false, misleading, incomplete, and otherwise inaccurate information regarding Plaintiff to the CRAs in connection with the collection of the Account.

46. Plainly, it appears as though Midland Credit pulled the Volitive Information out of thin air, willfully chose to omit key information relevant to Plaintiff's creditworthiness, and represented it as complete and accurate to the CRAs. Alternatively, Midland Credit willfully chose to report the Volitive Information while knowing it was false, misleading, incomplete, and otherwise inaccurate because Midland Credit is required to obtain, retain, and keep up-to-date within seven (7) days, the complete payment history, the true amount of the debt, the true date

Plaintiff first became delinquent, and the true date the underlying account was originally opened to maintain a valid Consumer Collection Agency with the Florida Office of Financial Regulation.

47. Midland Credit's maintenance of records reflecting the complete payment history, the true amount of the debt, the true date Plaintiff first became delinquent, and the true date the underlying account was originally opened is necessary for it (Midland Credit) to lawfully operate as a debt collector in Florida.

48. Any failure to maintain the minimum mandatory records, *see* Fla. Admin. Code R. 69V-180-080 ("A registrant shall, at a minimum, maintain all records specified in this rule.") invalidates Midland Credit's Consumer Collection Agency license and renders any and all conduct done in an attempt to collect a debt from a Florida consumer by Midland Credit unlawful.

49. As a result of Midland Credit reporting the Volitive Information, the Account will erroneously remain on Plaintiff's credit for more time than allowed by law and negatively effects Plaintiff's creditworthiness.

50. As a result of Midland Credit reporting the Volitive Information, Plaintiff's creditworthiness will be negatively impacted because it makes Plaintiff appear to have been delinquent more recently than accurate.

51. As a result of Midland Credit reporting the Volitive Information, Plaintiff's creditworthiness will be negatively impacted because it makes Plaintiff appear to have never made any payments towards the Account.

52. As a result of Midland Credit reporting the Volitive Information, or more pointedly, failing to report the payments previously made by Plaintiff towards the Account, makes it appear as though no payments towards the Account have ever been made and that the amount Midland Credit seeks to collect is the full and original amount Plaintiff allegedly agreed to pay.

53. Midland Credit knowingly or recklessly provided false information to the CRAs concerning the date the Account was placed with Midland Credit collection, as the dates listed by Midland Credit are more recent than is accurate. Listing the dates placed for collection as more recent than is accurate negatively effects credit scores and credit worthiness of Plaintiff because it makes Plaintiff appear to have been delinquent more recently.

54. On or about October 28, 2025, Plaintiff began notifying the CRAs that the Account, as reported by Midland Credit, was false, incomplete, and inaccurate (the "Initial Dispute").

55. The Account is inaccurate and incomplete with respect to the amount, including but not limited to the balance amount.

56. The Account is inaccurate and incomplete with respect to the history reported, including but not limited to payments made.

57. The Account is inaccurate and incomplete with respect to the payments reported, including but not limited to payments made.

58. The Account is inaccurate and incomplete with respect to the activity reported, including but not limited to prior account activity.

59. The Account is inaccurate and incomplete with respect to the dates reported, including but not limited to the date the account was opened.

60. The Account is inaccurate and incomplete with respect to the limits reported, including but not limited to balances reported.

61. The Account is inaccurate and incomplete with respect to the durations reported, including but not limited to when the account will be removed.

62. The Account is inaccurate and incomplete with respect to the delinquencies reported, including but not limited to the past due amount.

63. The Account is inaccurate and incomplete with respect to the status, type, and responsibility of the account.

64. The reporting of the Account further causes Plaintiff to appear responsible for a debt which Plaintiff is not and otherwise causes Plaintiff to appear delinquent more recently than accurate.

65. The CRAs transmitted the Initial Dispute to Midland Credit.

66. Despite receiving the Initial Dispute from the CRAs, Midland Credit failed to timely conduct a reasonable investigation into the Account and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

67. Despite Midland Credit failing to conduct an independent, reasonable investigation into the Initial Dispute, Plaintiff continued disputing the Account with the CRAs, of whom transmitted Plaintiff's additional disputes to Midland Credit.

68. On or about December 8, 2025, Plaintiff continued to dispute the Account with Midland Credit by and through disputes to the CRAs (the "Additional Disputes").

69. The CRAs received and transmitted each of Plaintiff's disputes regarding the Account to Midland Credit.

70. Midland Credit failed to conduct an independent, reasonable investigation into the Account in response to the disputes it received from the CRAs and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

71. As a result of Midland Credit reporting the Volitive Information to the CRAs in connection with the collection of the Account, Plaintiff expended time drafting disputes to the CRAs regarding the Volitive Information, as well as incurring the cost of mailing the disputes the CRAs.

72. Plaintiff wasted time drafting and mailing the disputes to the CRAs as a result of Midland Credit reporting of the Volitive Information in connection with the collection of a debt.

73. Plaintiff incurred more than $10.00 in costs mailing the disputes the CRAs as a result of Midland Credit reporting the Volitive Information in connection with the collection of a debt.

74. On March-2026, Midland Credit continued to report the Volitive Information.

75. On or about March-2026, Plaintiff obtained new copies of Plaintiff's credit reports from the CRAs to review for accuracy in preparation of seeking lines of credit, as well as other services that consider Plaintiff's creditworthiness, such as employment and insurance.

76. Upon reviewing Plaintiff's credit reports, Plaintiff learned that Midland Credit was still reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Account.

77. As a result of Midland Credit reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Account to the CRAs, Plaintiff became upset, distressed, and on more than (2) occasions lost three (3) hours of sleep.

78. Plaintiff became anxious as to whether Plaintiff would be able to correct Midland Credit's reporting of the Volitive Information or whether Plaintiff would be forced to endure the negative consequences of Midland Credit's false, misleading, incomplete, and otherwise inaccurate information until more than seven years have passed from the delinquency date reported by Midland Credit.

79. Midland Credit lacks policies and procedures reasonably adapted to prevent reporting false, misleading, incomplete, and otherwise inaccurate information to the CRAs.

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1692e**

80. Plaintiff incorporates by reference ¶¶ 8-79 of this Complaint.

81. Section 1692e of the FDCPA prohibits the use of "**false, deceptive, or misleading representation or means in connection with the collection of any debt**." 15 U.S.C. §1692e (emphasis added).

82. As stated above, Midland Credit reported false, misleading, incomplete, and otherwise inaccurate information to the CRAs in connection with the collection of a debt from Plaintiff. Pointedly, Midland Credit failed to report the complete payment history, as well as falsely and/or misleadingly represented the date the Account was opened, the date Plaintiff first became delinquent, the status of the Account, the original creditor of the Account, and amount of the underlying debt.

83. Thus, by reporting the Volitive Information to the CRAs, Midland Credit made false, deceptive, and/or misleading representation in connection with the collection of the Account. in violation of § 1692e of the FDCPA**.**

84. As a result of Midland Credit reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Account, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

85. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Midland Credit, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

86. Plaintiff incorporates by reference ¶¶ 8-79 of this Complaint.

87. The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[t]**he false representation of the character, amount, or legal status of any debt**." 15 U.S.C. § 1692e(2)(A). (emphasis added).

88. As stated above, Midland Credit reported false, misleading, incomplete, and otherwise inaccurate information to the CRAs in connection with the collection of a debt from Plaintiff. Pointedly, Midland Credit failed to report the complete payment history, as well as falsely and/or misleadingly represented the date the Account was opened, the date Plaintiff first became delinquent, the status of the Account, the original creditor of the Account, and amount of the underlying debt.

89. Thus, by reporting the Volitive Information to the CRAs, Midland Credit made false representations regarding the character, among, and legal status of the Account in violation of § 1692e of the FDCPA.

90. As a result of Midland Credit reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Account, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

91. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Midland Credit, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and

reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**VIOLATION OF 15 U.S.C. § 1692e(8)**

92. Plaintiff incorporates by reference ¶¶ 8-79 of this Complaint.

93. The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[c]**ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false….**" 15 U.S.C. § 1692e(8). (emphasis added).

94. As stated above, Midland Credit reported false, misleading, incomplete, and otherwise inaccurate information to the CRAs in connection with the collection of a debt from Plaintiff. Pointedly, Midland Credit failed to report the payment history, as well as falsely and/or misleadingly represented the date the Account was opened, the date Plaintiff first became delinquent, the status of the Account, the original creditor of the Account, and amount of the underlying debt.

95. Here, Midland Credit knowingly chose to report the false, misleading, and/or otherwise incomplete information to the CRAs because the *correct* and *complete* information is among the information Midland Credit is required to obtain, retain, and keep up-to-date within seven (7) days, to maintain a valid Consumer Collection Agency with the Florida Office of Financial Regulation, of which Midland Credit *must* possess to lawfully collect consumer debts from Florida consumers. Fla. Stat. § 559.553(1) ("A person may not engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.").

96. As such, Midland Credit communicated to any person credit information which is known or which should be known to be false in violation of § 1692e(8) of the FDCPA by falsely reporting the Volitive Information to the CRAs because the *correct* and *complete* information among the information Midland Credit is required to obtain, retain, and keep up-to-date within seven (7) days, to maintain a valid Consumer Collection Agency with the Florida Office of Financial Regulation, of which Midland Credit *must* possess to lawfully collect consumer debts from Florida consumers.

97. As a result of Midland Credit reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Account, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

98. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Midland Credit, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**VIOLATION OF 15 U.S.C. § 1692e(10)**

99. Plaintiff incorporates by reference ¶¶ 8-79 of this Complaint.

100. The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[t]**he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**" 15 U.S.C. § 1692e(10). (emphasis added).

101. As stated above, Midland Credit reported false, misleading, incomplete, and otherwise inaccurate information to the CRAs in connection with the collection of a debt from Plaintiff. Pointedly, Midland Credit failed to report the complete payment history, as well as falsely and/or misleadingly represented the date the Account was opened, the date Plaintiff first became delinquent, the status of the Account, the original creditor of the Account, and amount of the underlying debt.

102. Thus, by reporting the Volitive Information to the CRAs, Midland Credit used false representations and deceptive means to attempt to collect the Account in violation of § 1692e(10) of the FDCPA.

103. As a result of Midland Credit reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Account, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

104. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Midland Credit, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

105. Plaintiff incorporates by reference ¶¶ 8-79 of this Complaint.

106. On at least one occasion within the past two years, by example only and without limitation, Midland Credit violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

107. On at least one occasion within the past two years, by example only and without limitation, Midland Credit violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

108. On at least one occasion within the past two years, by example only and without limitation, Midland Credit violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

109. Upon information and belief, Midland Credit was aware of the FCRA obligations to reasonably investigate dispute when it received notice of Plaintiff's disputes.

110. When Midland Credit received notice of Plaintiff's disputes from the CRAs, Midland Credit could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

111. Midland Credit would have discovered that the information it was reporting about Plaintiff was inaccurate if Midland Credit had reviewed its own systems and previous communications with Plaintiff.

112. Midland Credit's investigation was *per se* deficient by reason of these failures on Midland Credit's investigation of Plaintiff's dispute.

113. As a direct and proximate result of Midland Credit's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

114. Midland Credit's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

115. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Midland Credit, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

116. Plaintiff incorporates by reference ¶¶ 8-79 of this Complaint.

117. On at least one occasion within the past two years, by example only and without limitation, Midland Credit violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

118. On one or more occasions within the past two years, by example only and without limitation, Midland Credit violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

119. On one or more occasions within the past two years, by example only and without limitation, Midland Credit violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

120. When Midland Credit received notice of Plaintiff's disputes from the CRAs, Midland Credit could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

121. Midland Credit would have discovered that the information it was reporting about Plaintiff was inaccurate if Midland Credit had reviewed its own systems and previous communications with Plaintiff.

122. Midland Credit's investigation was *per se* deficient by reason of these failures on Midland Credit's investigation of Plaintiff's dispute.

123. As a direct and proximate result of Midland Credit's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

124. Midland Credit's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

125. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Midland Credit, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: August 24, 2026

Respectfully Submitted,

/s/ Talal Rashid .

**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail: Talal@pzlg.legal
**VICTOR ZABALETA, ESQ.**

Florida Bar No. 118517
E-mail: Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone: 305-332-6201

*COUNSEL FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 24, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Talal Rashid .
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307