UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 26-cv-25201-BLOOM/Elfenbein

CHELSEA SLACK,

Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC.,

Defendant.
_______________________________________/

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

Defendant Midland Credit Management, Inc. ("MCM" or "Defendant"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Plaintiff Chelsea Slack's ("Plaintiff") Amended Complaint (the "Amended Complaint") with prejudice. In support of this Motion, Defendant states:

**PRELIMINARY STATEMENT**

Plaintiff's Amended Complaint – which contains vague, convoluted and conclusory allegations concerning MCM's purported mishandling of alleged "Violative Information"[1] – appears to be a misguided effort to avoid paying a charged-off credit card account due and owing to MCM. A review of the Amended Complaint establishes that Plaintiff has failed to state a claim in any of the six counts against MCM as Plaintiff's allegations amount to, among other things,

[1] The Amended Complaint alleges that MCM "reported false, misleading, incomplete, and inaccurate information" referred to as the "Volitive Information," including "the failure to report the payment history associated with the Account, the *true* date the account was actually opened, the date Plaintiff first became delinquent, the *true* status of the account, and the *true* amount of the underlying debt." Am. Compl. ¶¶ 40–41 (emphasis added).

nothing more than a legal disagreement over how MCM reported her account ("Account"), not a cognizable claim based on factually inaccurate reporting. Plaintiff asserts four counts under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and two counts under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. The FCRA claims fail because a legal dispute is not actionable under the FCRA. The FDCPA claims likewise fail as a matter of law given that the FDCPA does not impose liability on an alleged debt collector for merely reporting information to a credit reporting agency.

Plaintiff's allegations are also conclusory in nature and fail to provide factual support sufficient to satisfy the pleading standards articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To that end, Plaintiff uses vague and undefined terms like "Volitive Information," "true status," and "true amount" without specifying what was actually inaccurate or what the correct information should be. Rather, Plaintiff's allegations concern what information *must* be reported and how it must be reported—a legal dispute about reporting obligations dressed up in conclusory language—rather than a factual inaccuracy in what was allegedly reported. Although Plaintiff amended her original Complaint after Defendant moved to dismiss, the Amended Complaint does not cure the deficiencies identified by Defendant. Instead, Plaintiff largely repeats the same allegations in a virtually identical complaint.

**STANDARD OF REVIEW**

On a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to

the pleadings and exhibits attached thereto." *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (citation omitted).

While a court must accept a plaintiff's factual allegations as true, a court is not constrained to accept incorrect legal theories and can dismiss a complaint based on claims that fail as a matter of law. *Iqbal*, 556 U.S. at 667–78 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (citation modified); *see also Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010) (holding that "conclusory allegations . . . are not entitled to an assumption of the truth – legal conclusions must be supported by factual allegations."). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face," and contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

### I. THE FDCPA CLAIMS (COUNTS 1 THROUGH 4) SHOULD BE DISMISSED

#### a. The Allegations in the Amended Complaint Are Too Vague and Conclusory to State a Claim Under the FDCPA

The FDCPA claims (Counts 1–4) are insufficiently plead and fail to state a plausible claim for relief. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted); *Iqbal*, 556 U.S. at 678. Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Amended Complaint is replete with legal conclusions, unsupported generalized accusations,

speculative inferences, and formulaic recitations of the elements of each cause of action. Even if the Court accepts all facts as pled, Plaintiff's claims fail as a matter of law and should therefore be dismissed.

Plaintiff refers repeatedly to "Volitive Information" but fails to specify with any particularity what information was false, what the correct information should have been, or how MCM's reporting was deceptive or misleading. Am. Compl. ¶¶ 40–43. Terms like "the true status of the account," "the true amount of the underlying debt," and "the date Plaintiff first became delinquent" are conclusory labels that do not satisfy *Twombly*'s plausibility standard because Plaintiff neither identifies what the purportedly "true" dates, amounts, or status should be nor explains how they differ from what MCM reported. *Id.*; *Twombly*, 550 U.S. at 570.

Likewise, Plaintiff alleges that "the dates" the Account was "placed for collection" are "more recent than accurate." Am. Compl. ¶ 53. Plaintiff fails to state what the "dates" are, what they should be, and how they are factually incorrect. This is a classic case of a pleading offering "labels and conclusions" and a "formulaic recitation of the elements of a cause of action" that *Twombly* and *Iqbal* held will not suffice. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Moreover, despite having the opportunity to amend after Defendant identified these deficiencies in its Motion to Dismiss, Plaintiff failed to cure them. Accordingly, because the Amended Complaint largely repackages the same deficient allegations and legal theories, dismissal with prejudice is warranted. *See White v. Carnival Corp.*, No. 25-cv-20925-BLOOM/Elfenbein, 2025 WL 1865127, at *4–5 (S.D. Fla. July 7, 2025) (dismissing an amended complaint with prejudice where the plaintiff failed to correct the deficiencies identified in the motion to dismiss).

**b. The FDCPA Does Not Impose Civil Liability for Furnishing Allegedly Erroneous Information to a Credit Reporting Agency**

Plaintiff's first four counts allege violations of 15 U.S.C. § 1692e, including subsections (2)(A), (8), and (10). Each of these counts is premised upon the allegation that MCM furnished allegedly erroneous information to credit reporting agencies ("CRAs"). The FDCPA, however, does not impose "civil liability for furnishing erroneous information to a credit reporting agency or for failing to correct erroneous information provided to a credit reporting agency." *Lee v. Sec. Check, LLC*, No. 09–cv–421–J–12TEM, 2010 WL 3075673, at *8 (M.D. Fla. Aug. 5, 2010); *Dash v. Midland Funding LLC*, No. 16-cv-2128-T-36AAS, 2017 WL 841116, at *2 (M.D. Fla. Mar. 3, 2017) (dismissing FDCPA claims predicated on allegedly erroneous credit reporting, explaining that conclusory allegations that a debt collector failed to follow Metro 2 reporting guidelines were insufficient to establish a violation of the FDCPA and citing authority that the FDCPA does not impose liability for furnishing erroneous information to a credit reporting agency). Moreover, to the extent that Plaintiff attempts to rely on the Credit Report Resource Guide or other industry standard, it "is not the law of the land" and "does not create a federal claim where one did not already exist." *Gibson v. Equifax Info. Servs., LLC*, Case No. 5:18-cv-00465-TBS, 2019 WL 4731957, at * 3 (M.D. Ga. July 2, 2019).

The FDCPA "merely prohibits debt collection activity regarding a disputed debt until the debt is verified from the original creditor." *Lee*, 2010 WL 3075673, at *8; *see generally Lewis v. I.C. Sys., Inc.*, No. 17-cv-02759-MLB-CMS, 2018 WL 11343725, at *5 (N.D. Ga. Mar. 29, 2018) ("[T]he allegations that a creditor or furnisher did not follow industry standards or otherwise erroneously reported information to a CRA were insufficient to state a claim under the FDCPA.") (citing *Dash*, 2017 WL 841116, at *2; *Lee*, 2010 WL 3075673, at *8; *Acosta v. Campbell*, No. 04-CV-761-ORL-28-DAB, 2006 WL 146208, at *13 (M.D. Fla. Jan. 18, 2006)). Moreover,

communicating with a consumer reporting agency is not prohibited under the FDCPA. *Acosta*, 2006 WL 146208, at *13 ("'The FDCPA does not prohibit a debt collector from communicating to agencies, and a communication, in and of itself, to a consumer reporting agency, does not support a cause of action under the FDCPA'") (quoting *In re Creditrust Corp.*, 83 B.R. 826, 832 (Bkrtcy. D. Md. 2002) (citation omitted).

Here, the entirety of Plaintiff's FDCPA claims are based on conclusory allegations that MCM reported information to the CRAs that Plaintiff characterizes as "false, misleading, incomplete, and otherwise inaccurate." Am. Compl. ¶¶ 33, 40–43, 53, 70, 76–77. The Amended Complaint challenges MCM's alleged failure to report additional information that Plaintiff believes should have been included. *See Id.* ¶ 34. This is precisely the type of furnisher conduct that courts have consistently held is not actionable under the FDCPA.

In addition, Plaintiff's FDCPA claims are an attempt to circumvent Section 1681s-2(a) of the FCRA, which bars private suits against furnishers of information for submitting false, misleading, or inaccurate information to CRAs. *See Steed v. EverHome Mortgage Co.*, 308 F. App'x 364, 369–70 (11th Cir. 2009) (holding that Section 1681s-2(a) provides no private right of action against furnishers for submitting false, misleading, or inaccurate information to CRAs). The FCRA and FDCPA are different statutes imposing different obligations; Plaintiff cannot use the FDCPA to achieve what is barred under the FCRA. *See Lewis*, 2018 WL 11343725, at *5 (rejecting FDCPA claims based on allegedly false or incomplete credit reporting). This end-run around the FCRA should not be permitted.

Finally, Plaintiff repeatedly references Florida Administrative Code Rule 69V-180.080, alleging that MCM maintains records required by this rule and therefore "knew" the correct information. Am. Compl. ¶¶ 16–27, 44, 46–48, 95, 96. It is clear, however, that the Florida

Administrative Code does not provide a private cause of action for consumers. *See* Fla. Admin. Code. R. 69V-180.080; § 20.121(3), Fla. Stat. (creating the Florida Office of Financial Regulation); *see generally Baitner v. Ironshore Specialty Ins. Co.*, No. 21-CV-60687-RAR, 2021 WL 7368734, at *3 (S.D. Fla. May 12, 2021) ("The Court will not rewrite a statute to add language that was not placed there by the Florida legislature."). The administrative regulations governing consumer collection agencies are enforced by the Florida Office of Financial Regulation and not through private causes of action. *See generally* § 20.121(3). To the extent Plaintiff attempts to use these administrative requirements as a basis for her FDCPA or FCRA claims, or as an independent source of liability, such claims fail as a matter of law.

## II. THE FCRA CLAIMS (COUNTS 5 AND 6) SHOULD BE DISMISSED

### a. Plaintiff's FCRA Claims Are Based on a Legal Dispute, Not a Factual Inaccuracy

Because Plaintiff alleges a legal dispute rather than a factual inaccuracy, the FCRA claims fail. "To state a claim under § 1681s-2(b) against a 'furnisher' of information . . . the plaintiff must allege: (1) she notified a CRA of a dispute related to her credit information; (2) the CRA then notified the furnisher of the information about the dispute; and (3) the furnisher failed to fulfill its obligations enumerated in 1681s-2(b)(1)." *Schuh v. Am. Express Bank, FSB*, No. 17-24345-CIV, 2018 WL 3730897, at *3 (S.D. Fla. May 3, 2018). Yet as the court in *Schuh* further explained, "[i]n the absence of inaccurate information, there can be no finding that a furnisher conducted an unreasonable investigation." *Id.; see also Felts v. Wells Fargo Bank, N.A.,* 893 F.3d 1305, 1313 (11th Cir. 2018).

A claim for failure to conduct a reasonable investigation fails if a plaintiff cannot "demonstrate[] that *had* the furnisher conducted a reasonable investigation, the result would have been different; *i.e.*, that the furnisher would have discovered that the information it reported was

inaccurate or incomplete[.]" *Id.* In other words, a plaintiff must identify "some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete." *Id.; see also Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367 (11th Cir. 2024). Moreover, "[i]t is the plaintiff's burden to show that the investigation was not reasonable, and that there was a causal relationship between the unreasonable investigation and the failure to discover inaccuracies in the plaintiff's account." *Arianas v. LVNV Funding LLC*, 132 F. Supp. 3d 1322, 1326–27 (M.D. Fla. 2015).

It is well-settled that a plaintiff must show a factual inaccuracy rather than the existence of disputed legal questions to bring suit under Section 1681s-2(b). *Hunt v. JPMorgan Chase Bank, N.A.*, 770 Fed. App'x 452, 457 (11th Cir. 2019). Courts have consistently held that legal disputes about what must be reported are not actionable under the FCRA. *See Belair v. Holiday Inn Club Vacations Inc.*, No. 21-cv-165-WWB-DCI, 2022 WL 18284974, at *3 (M.D. Fla. Dec. 12, 2022) (stating that "a legal dispute . . . is not actionable under the FCRA" ); *Holden*, 98 F.4th at 1368 (alleged inaccuracy must be "objectively and readily verifiable" to be actionable under the FCRA); *see also Francis v. Navy Fed. Credit*, No. 5:25-cv-560-WFJ-PRL, 2026 WL 1501209, at *4 (M.D. Fla. May 29, 2026) (dismissing FCRA claim that charged off account remained on credit report because most courts conclude that reporting charge offs for consecutive months is "'neither inaccurate or misleading.'") (citations omitted).

Here, Plaintiff's allegations concern what information MCM allegedly was required to report and how that information should have been reported, not whether the information actually reported was factually inaccurate. Am. Compl. ¶¶ 34, 46. Plaintiff claims that MCM failed to report "the true date the account was actually opened" and "the date Plaintiff first became delinquent" do not identify an objectively verifiable factual inaccuracy. *Id.* ¶¶ 40–41. Rather, they reflect

Plaintiff's disagreement with the manner in which MCM reported the Account and Plaintiff's view regarding what information MCM was obligated to furnish. Such allegations present a legal dispute concerning reporting obligations. *See Schuh*, 2018 WL 3730897, at *4 ("Because Plaintiff's allegation of a factually inaccurate debt is tethered to a legal dispute between the parties, it cannot form the basis of a Section 1681s-2(b) violation.").[2]

Additionally, Plaintiff cannot state a claim based on an allegedly unreasonable investigation because the Amended Complaint does not identify any factual information from any report that MCM could have uncovered had it conducted a reasonable investigation, a deficiency that Plaintiff failed to cure through amendment. *See* Am. Compl. ¶¶ 34, 66–70, 109–111, 120–121; *see Felts*, 893 F.3d at 1313. Absent allegations identifying facts that a reasonable investigation would have uncovered, Plaintiff cannot plausibly allege either that MCM's investigation was unreasonable or that any purported deficiency in the investigation caused her alleged injury. Moreover, Plaintiff's FCRA claims fail because the Amended Complaint does not plausibly allege damages. Plaintiff relies on conclusory assertions that she suffered, among other things, a "reduction in credit score," "denial of financing for home loans," lost time, "mental anguish," "anxiety," "embarrassment," and "loss of sleep." Am. Compl. ¶¶ 113, 123. Yet the

[2] Plaintiff's FDCPA claims likewise fail because they are premised on a legal dispute rather than a factual inaccuracy. Plaintiff does not identify any particular information that MCM reported inaccurately; instead, she alleges that MCM's reporting "lacked essential identifying and contextual information," such as the original account opening date, closing date, account number, payment history, "and other details necessary for Plaintiff to identify or verify the debt." Am. Compl. ¶ 34. But these vague allegations merely challenge the information Plaintiff believes MCM was required to report. Indeed, Plaintiff acknowledges that the Account was originally opened with Comenity Capital Bank and later transferred to MCM, which maintained its own account relating to the debt. *Id.* ¶¶ 8, 9, 34, 41. Plaintiff further disputes her obligation to pay the debt by alleging that the reported balance exceeds any amount she owes, "if anything." *Id.* ¶ 43. These allegations present a legal dispute concerning reporting obligations and liability for the debt, not a factual inaccuracy.

Amended Complaint does not allege any facts identifying a denied credit application, a specific reduction in credit score, or any other concrete injury that is connected to MCM's alleged reporting. Instead, it offers only a boilerplate recitation of alleged harms unsupported by factual allegations. Such conclusory allegations do not satisfy the pleading standards established by *Twombly* and *Iqbal*. *See Francis,* 2026 WL 1501209, at *6 (requiring the plaintiff to "state *how*" the defendant's conduct "caused her damages and what damages resulted" with respect "to both actual and punitive damages," and holding that "vague allegations that the plaintiff suffered 'emotional distress' based on" the defendant's "preparation procedures and reinvestigations do not satisfy the *Twombly* and *Iqbal* standard") (emphasis added). Accordingly, the § 1681s-2(b) claims should be dismissed.

## CONCLUSION

Plaintiff fails to sufficiently allege any claim against MCM under either the FDCPA or the FCRA because it does not provide what information was factually inaccurate in what MCM reported to the CRAs. Instead, Plaintiff offers only conclusory assertions that MCM should have reported additional information or reported the Account differently, thereby alleging a legal dispute concerning MCM's reporting obligations rather than a factual inaccuracy. Moreover, the FDCPA does not impose liability for furnishing allegedly erroneous information to a CRA, and Plaintiff's FDCPA claims are an impermissible attempt to circumvent the FCRA's limitations on private claims against furnishers.

WHEREFORE, Defendant Midland Credit Management, Inc. respectfully requests that the Court dismiss all counts of the Amended Complaint with prejudice for failure to state a claim upon which relief can be granted and grant such other and further relief as the Court deems just and appropriate.

Dated: September 8, 2026.

Respectfully submitted,

By: s/ *Cory W. Eichhorn*
Florida Bar No. 576761
cory.eichhorn@hklaw.com
Sydney B. Alexander
Florida Bar No. 1019569
sydney.alexander@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799
*Counsel for Midland Credit Management, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of September 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Cory W. Eichhorn*
Cory W. Eichhorn

**SERVICE LIST**

Talal Rashid
talal@pzlg.legal
Victor Zabaleta
victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, FL 33301
Telephone: (305) 332-6201
*Counsel for Plaintiff*